**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KAVEH AZIMI,                                          )
                                                      )
                    Plaintiff,                        )          CIVIL ACTION
                                                      )
v.                                                    )          No. 06-2114-KHV
                                                      )
UNITED PARCEL SERVICE, INC., et al.,                  )
                                                      )
                    Defendants.                       )
_____)

**ORDER**

Plaintiff files suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 141 et

seq., Section 411 of the Labor Management Reporting and Disclosure Act, 42 U.S.C. § 401 et seq., and

42 U.S.C. §§ 1981 and 1985. On October 5, 2006, the Court ordered plaintiff to show good cause in

writing why his Section 1981 claim should not be dismissed for failure to state a claim upon which relief can

be granted. The Court is not satisfied that plaintiff's Section 1981 claim states such a claim and therefore

finds that the claim should be dismissed without prejudice.

Citing paragraph 2 of the complaint, plaintiff argues that he has alleged that he is a person of Iranian

descent, protected by Section 1981. See Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1387

n.7 (10th Cir. 1991). Paragraph 2 states "[p]laintiff was born on October 31, 1959, in Tehran, Iran." This

paragraph clearly alleges plaintiff's nation of origin, but does not allege that plaintiff is of Arab descent or

ancestry as required under Section 1981. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613

(1987) (plaintiff must allege discrimination based on fact that he was born Arab, rather than solely on place

or nation of origin, to state claim under Section 1981). Because the complaint alleges only discrimination

on the basis of national origin, plaintiff's Section 1981 claim is improper.  <u>Aramburu v. Boeing Co.</u>, 112

F.3d 1398, 1411 n.10 (1997).

Plaintiff argues that the claim should not be dismissed because plaintiff will soon seek leave to file

an amended complaint which will clarify the Section 1981 claim.  The Court, however, cannot overlook

the immediate deficiency of the Section 1981 claim as currently pleaded.  The claim is dismissed without

prejudice and may be re-filed upon an appropriate motion for leave to amend.

**IT IS THEREFORE ORDERED** that plaintiff's claim under 42 U.S.C. § 1981 be and hereby

is **DISMISSED WITHOUT PREJUDICE**.

Dated this 20th day of October, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge