**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KAVEH AZIMI,

        Plaintiff,

v.                                    Case No. 06-2114 KHV-DJW

UNITED PARCEL SERVICE, INC., et al.,

        Defendants.

**CONFIDENTIALITY AND PROTECTIVE ORDER**

This matter comes before the Court upon the parties' Joint Motion for Confidentiality and Protective Order (doc. 37). Having reviewed Motion and it appearing to the Court that:

    A.    The parties are engaged in discovery in this case which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

    B.    In the course of discovery, confidential documents and/or information may be produced consisting of

        1.    Plaintiff's medical records, financial status and income tax returns;

        2.    Personal information about medical conditions, disciplinary actions, and job status of Defendant's past and present employees; and

        3.    Confidential non-public proprietary information about Defendants' business operations and practices.

    C.    The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

  D. Federal Rule of Civil Procedure 26(e) provides for the issuance of a protective order limiting the disclosures and use of information and documents for good cause;

  E. Good cause exists for the issuance of a Confidentiality and Protective Other; and

  F. Specifically, good cause exists in that the majority of persons associated with this matter reside or work in a relatively small group of communities, which are geographically close; and, if the confidential information described in the following paragraphs were known in the general community, that knowledge could lead to embarrassment, humiliation, loss of status and reputation and could, potentially, impact upon certain persons' personal and work relationships; and business documents and records exchanged in this case may contain proprietary and confidential information about operations and practices. which should not be made public through court filings, including any motions (and exhibits) for summary judgment.

 Accordingly, it is hereby ordered that

1. The following definitions shall apply for purposes of this Confidentiality and Protective Order (hereinafter "Order"):

  a. The term "CONFIDENTIAL MATERIAL" shall mean

    i. Plaintiff's medical records, financial status and income tax returns;

    ii. Personal information about medical conditions, disciplinary actions, and job status of Defendant's past and present employees; and

    iii. Confidential non-public proprietary information about Defendants' business operations and practices.

    b.    The term "Person" shall mean any natural person and any corporation, partnership, association or other entity;

    c.    The term "Party" shall mean Plaintiff Kaveh Azimi and Defendants United Parcel Service, Inc. and Local 41 of the International Brotherhood of Teamsters.

2. In connection with discovery proceedings in this action, a Party may, subject to paragraph 1.a. of this Order, designate any document, thing, material, portion of transcripts or videotapes of depositions or other testimony, or other information derived therefrom, or response to discovery (including answers to interrogatories and discovery requests), as "CONFIDENTIAL MATERIALS" under the terms of this Order.

3. Confidential documents shall be so designated by stamping copies of the documents produced to a Party with the legend "CONFIDENTIAL," unless such designation is successfully challenged pursuant to paragraph 10 below. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as "CONFIDENTIAL," unless otherwise indicated by the designating party. All copies, prints or other reproductions, summaries, notes, synopses or any other memorialization of confidential MATERIALS, or the information contained therein, shall be deemed confidential MATERIALS subject to this Order.

4. In the event any Party produces its files and records and the inspecting party desires to inspect them, no confidential designation need be made by the parties in advance of said inspection. For purposes of inspection, all material produced shall be considered as having been designated "CONFIDENTIAL MATERIAL," and the provision of such documents for review shall not be deemed to be an admission or waiver by the producing party of the

confidentiality or nonconfidentiality of any such documents. Thereafter, upon selection of specified documents by the inspecting party for copying, the producing party shall mark as "CONFIDENTIAL" the copies of documents it desires to be subject to this Order prior to copying and further production. Moreover, to the extent that any such documents or portions thereof contain privileged or other matters subject to objections by the producing party, no such privilege or other objection shall be waived by such initial disclosure prior to copying.

5. Except with the prior written consent of the designating party, as provided herein, or by order of the court, CONFIDENTIAL MATERIAL may not be disclosed to any Person other than:

   a. A Party, including any officer, director, employee, agent, or representative of or attorney for a Party;

   b. Witnesses being interviewed or deposed as necessary for the prosecution or defense of this matter;

   c. The judges presiding in this matter, the judges' staff members, and such employees of the court as directed by the judge.

6. The individuals designated below are subject to this Order:

   a. The Parties; and

   b. Counsel of record for a Party and their legal associates, paralegals, and office staff.

7. All CONFIDENTIAL MATERIAL shall be used and disclosed solely for purposes of the preparation and trial of this matter and shall not be used or disclosed for any other purpose, unless ordered by this court or another court or any administrative agency having jurisdiction in this action.

8. The parties may move to request that CONFIDENTIAL MATERIALS which are set forth, summarized, or otherwise referenced in transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings filed under seal upon the required showing of public or private harm.

9. Nothing in this Order shall:

   a. Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

   b. Preclude any Party from seeking any further or additional protection for CONFIDENTIAL MATERIAL not provided in this Order.

10. Any Party may challenge the producing party's designation of any documents, materials, or other information as CONFIDENTIAL MATERIALS. Such challenge shall be made by letter from the challenging party's counsel to the producing party's counsel or to the producing party, if that party is not known to be represented. The parties then shall confer in good faith in an effort to resolve any dispute concerning wither the materials have been properly designated as "CONFIDENTIAL." Any such dispute which cannot be resolved by such good faith discussion may be presented to the Court for resolution by motion by the producing party for a protective order or by the challenging party by motion to compel production. The ultimate burden of establishing to the satisfaction of a court that material designated as CONFIDENTIAL MATERIAL is entitled to confidentiality or other legal protection, shall remain with the party asserting a claim of confidentiality.

11. No party shall file under seal material designated as CONFIDENTIAL MATERIAL, without first filing a motion with the Court seeking entitlement to file under seal and obtaining a

        court order to do so. Any such motion to file material under seal shall clearly identify the materials sought to be filed under seal. Any such motion will be governed by existing law, and the party asserting a right to file material under seal bears the burden of establishing entitlement to do so.

12. Any party intending to use information designated as CONFIDENTIAL MATERIAL in a public filing in this action, at a hearing, trial, or to disclose such information to persons or parties not identified herein shall give seven (7) days advance written notice of the intention to do so, identifying with reasonable specificity the information or materials proposed to be disclosed. Any party may move the court for an order that the evidence be filed under seal, be received in camera, be disclosed under certain terms or conditions, or not disclosed at all. The court 'will then determine whether good cause exists to justify the treatment of the information as confidential, and, if so, what protection, if any, may be afforded to such information.

13. Any party claiming that material designated as CONFIDENTIAL MATERIAL shall be treated as under seal or confidential during and following the trial of the action, shall file an appropriate motion pursuant to Fed.R.Civ.P. 26(c). As part of their duty to confer in preparation of the Pretrial Conference, counsel shall confer in good faith and attempt to resolve which materials, if any, shall be treated as confidential during the trial of this action. Any remaining disputes shall be presented to the Court on or before the final Pretrial Conference on motion by the party asserting an entitlement to confidentiality or protection.

14. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure impose by this Order. Except as otherwise

ordered by the Court, within 60 days of such final resolution, all Confidential Material which no court or agreement has made public, shall, as its option, either:

    a.    Return all copies thereof to the party producing the materials,, including any copies in the hands of outside experts or consultants, to the producing party; or;

    b.    Furnish to the producing party a certificate signed by its attorneys stating that all such copies have been collected and destroyed. Further, all information protected by this Order which has been placed in any computer data base shall be completely erased, and any documents listing or summarizing the information protected by this Order shall be destroyed within the same period.

15.    Any notice to a Party required by this Order maybe given by notifying that Party's counsel of record in this matter. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case.

16.    This Order shall not be modified, vacated, suspended, appealed or otherwise altered without further order of the Court. This Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit if leave is sought and obtained to reopen the terminated lawsuit. Any violation of this Order by any party subject to its terms may be treated as contempt of court or may otherwise be punished as authorized by applicable law

17.     Neither the agreement to or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action.

18. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

19. In the event any one or more of the provisions contained in this Order shall beheld to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Order, but this Order shall be construed as if such invalid, illegal or unenforceable provision were not contained herein.  Further, in the event any provision of this Order shall be held to be unenforceable by limitation thereof, such provision shall be deemed to be amended to the minimum extent necessary to render it enforceable under the laws of the jurisdiction in which enforcement is sought.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 27th day of November, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties