# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **KAVEH AZIMI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 06-2114-KHV |
| | ) | |
| **UNITED PARCEL SERVICE, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Kaveh Azimi brings suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 141 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. §§ 1981 and 1985, seeking compensatory and punitive damages, as well as injunctive relief. This matter comes before the Court on Defendant United Parcel Service, Inc.'s Motion To Strike Paragraph 19 Of Plaintiff's First Amended Complaint And Memorandum In Support (Doc. #46) filed December 13, 2006. For reasons stated below, the Court overrules defendant's motion.

## Motion To Strike Standards

Rule 8(a)(2), Fed. R. Civ. P., provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This rule is intended to provide defendant fair notice of the claims against it. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). Rule 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." D. Kan. Rule 5.1(f) supplements Rule 12(f) by allowing the Court to strike from a pleading any "bulky or voluminous" materials which are not

essential to that pleading. A motion to strike is a generally disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and should be denied unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006). Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike. Nwakpuda, 12 F. Supp.2d at 1215. The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D. Kan. 2004).

## **Analysis**

Paragraph 19 of plaintiff's first amended complaint alleges as follows:

Defendants routinely engage in misleading, and deceptive practices when presented with claims of unfair representation and employment discrimination in violation of state and federal law. For illustration only, as to the termination of Steve Jones and Doyle Clark,

> a. UPS and Local 41 knew and actively concealed that its managers had made false statements, as evidenced by UPS' own records.
>
> b. UPS knew and concealed that no driver drove the alleged extra load from Lenexa, Kansas to Earth City, Missouri on November 11, 2002, when UPS had terminated Steve Jones for allegedly refusing to drive such a route.
>
> c. UPS and Local 41 knew and actively concealed that UPS managerial employees and Local 41 officers and business agents had deliberately targeted Doyle Clark for unlawful termination based on race, and union involvement and in retaliation for race discrimination complaints.
>
> d. UPS knew and actively concealed that UPS managerial employees unlawfully and intentionally destroyed written reports made concerning the performance of Doyle Clark on the date of his termination.
>
> e. UPS and Local 41 knew and actively concealed that Manager Steve Mitchell filed a false and misleading affidavit regarding the contents of UPS' records.

2

> f. UPS and Local 41 knew and actively concealed that other UPS employees terminated and reinstated in the same period as Jones and Clark had worse disciplinary records than either Steve Jones or Doyle Clark.

First Amended Complaint (Doc. #43) filed December 4, 2006, ¶ 19.

Defendant argues that paragraph 19 should be stricken under Rules 8(a) and 12(f), and Local Rule 5.1(f), because the allegations of paragraph 19 are (1) irrelevant to plaintiff's claims, (2) extremely prejudicial and (3) intended solely to harass, cause unnecessary delay and expense, and interject improper and unsupported allegations. Plaintiff responds that paragraph 19 is directly related to his claim because it illustrates defendant's wrongful conduct, including deceptive litigation practices and a pattern and practice of discrimination. Plaintiff further argues that paragraph 19 is not prejudicial.

The Court agrees that paragraph 19 should not be stricken. An allegation does not violate Rule 12(f) simply because it includes an illustration. Fed. Deposit Ins. Corp. v. Wise, 758 F. Supp. 1414, 1420-21 (D. Colo. 1991) (illustrations not reprehensible). Here, plaintiff explicitly offers paragraph 19 as an illustration, and it is not otherwise objectionable. In Count V, as part of his claim for injunctive relief, plaintiff argues that defendant has routinely engaged in misleading and deceptive practices in litigating employment discrimination claims. Paragraph 19 is relevant to Count V in that it suggests a pattern of wrongful conduct from which plaintiff seeks protection. Further, the ultimate relevance of paragraph 19 will turn on the facts of the case, e.g. the similarities between plaintiff and Jones and Clark, making the motion to strike improper. Sunlight Saunas, 427 F. Supp.2d at 1029 (court may not evaluate factual basis of allegation on motion to strike). At this point, the Court cannot conclude that paragraph 19 has no possible relation to the controversy.

Moreover, even if paragraph 19 is somewhat irrelevant to plaintiff's claims, defendant has not

shown the degree of prejudice required to strike the material under Rule 12(f). Defendant's prejudice arguments rest on the litigation difficulty created by the challenged materials. Because defendant may answer paragraph 19 with a simple denial, the Court finds that paragraph 19 does not impose an undue burden on defendant. Accordingly, the Court overrules the motion to strike.

**IT IS THEREFORE ORDERED** that <u>Defendant United Parcel Service, Inc.'s Motion To Strike Paragraph 19 Of Plaintiff's First Amended Complaint And Memorandum In Support</u> (Doc. #46) filed December 13, 2006 be and hereby is **OVERRULED**.

Dated this 17th day of January, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
